GEORGE LEWIS, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*It seems* that the provision of the Railroad Act of 1854 (§ 7, chap. 282, Laws of 1854), imposing upon railroad companies the duty of attaching a bell or steam whistle to each locomotive engine, and of ringing the bell or blowing the whistle at eighty rods from the crossing at grade of a traveled public road, and making the companies responsible for damages resulting from such an omission, was repealed by the General Repealing Act of 1886 (Chap. 593, Laws of 1886).

Where, however, in an action to recover damages for injuries received at a crossing through a collision with one of defendant's trains, the contention upon the part of defendant was that the place at which the acci-

dent occurred was not a public highway, but a private crossing, to which said provision of the act of 1854 did not apply, and the court, in its charge, assumed, as matter of law, the existence of the duty, and submitted to the jury the question as to its performance, and defendant's counsel, while excepting to the charge, did not present the question as to the repeal of the provision, but conceded it was in force and only denied its application to the case, *held*, that it could not be presented as a ground of reversal on appeal.

Where there has been such a user of a road by the public for twenty years, as would justify a record of it as a public highway, and it has either been kept in repair or taken in charge of the public authorities, the fact that they have failed to perform their duty to record it, does not change the mandate of the statute that it shall be deemed a public highway.

*Barry* v. *N. Y. C. & H. R. R. R. Co.* (92 N. Y. 289); *Byrne* v. *N. Y. C. & H. R. R. R. Co.* (104 id. 362), distinguished.

(Argued October 15, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 13, 1889, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries received by plaintiff in consequence of being struck by a train on defendant's road.

The facts, so far as material, are stated in the opinion.

*Lewis E. Carr* for appellant.   There was error in the submission of the case to the jury; first, upon the assumption that the duty of the defendant required the ringing of the bell or blowing of the whistle at least eighty rods from this crossing, and second, in leaving the question of the character of the crossing to the jury as one of fact without withdrawing the previous positive statement regarding it.   (*Cordell Case*, 64 N. Y. 535 ; *Barry* v. *R. R. Co.*, 92 id. 289 ; *Sutton* v. *R. R. Co.*, 66 id. 243 ; *Byrne* v. *R. R. Co.*, 104 id. 362 ; *People* v. *Lawson*, 17 Johns. 277 ; *City of Oswego* v. *O. C. Co.*, 6 N. Y. 257, 263, 264 ; *Talmage* v. *Hunting*, 29 id. 447 ; *In re S. K. B. Co.*, 100 id. 642 ; Code Civ. Pro. § 723 ; *Southwick* v. *N.*

SICKELS—VOL. LXXVIII.    63

*Bank,* 84 N. Y. 420, 428, 429; *Vedder* v. *Fellows,* 20 id. 126, 129, 130; *Chapman* v. *E. R. R. Co.,* 55 id. 579, 587; *Allis* v. *Leonard,* 58 id. 288, 290, 291; *Driggs* v. *Phillips,* 103 id. 77, 81, 82; *F. N. Bank* v. *O. N. Bank,* 60 id. 278, 295, 296; *Cleveland* v. *N. J. S. Co.,* 5 Hun, 523, 529.) There was, however, no statute in existence when this accident occurred that made it the duty of railroad companies to ring the bell or blow the whistle at least eighty rods from this or any crossing. It had been repealed. (Laws of 1850, chap. 140, § 39; Laws of 1886, chap. 593.) There was clear evidence of such want of care on the part of the plaintiff as precluded a recovery, and the complaint should have been dismissed on that ground. (*Salter* v. *R. R. Co.,* 75 N. Y. 273; *Dascomb* v. *R. R. Co.,* 27 Barb. 221–230; *Wilcox* v. *R. R. Co.,* 38 N. Y. 358; *Thompson's Case,* 110 id. 636; *Young* v. *R. R. Co.,* 107 id. 500, 505; *Cordell* v. *R. R. Co.,* 75 id. 330, 333; *Wilds* v. *R. R. Co.,* 29 id. 315, 328; *Reynolds* v. *R. R. Co.,* 58 id. 238; *Wendell* v. *R. R. Co.,* 91 id. 420, 426, 427; *Talman* v. *R. R. Co.,* 98 id. 198.) It is not enough that there may be some testimony. It must be sufficient to furnish some tangible foundation for a conclusion that care was not exercised. (*Baulec* v. *R. R. Co.,* 59 N. Y. 356, 366; *Dwight* v. *G. Ins. Co.,* 103 id. 341, 358, 359, 360.)

*John M. Gardner* for respondent. The evidence shows that the crossing is an open and much publicly traveled highway across defendant's tracks, and has been an open and publicly traveled road for twenty-five years, and by force of the statute (2 R. S. [6th ed.] 164) of user, and the principles of common law, the place is clearly a public road or highway, to which the statute (Laws of 1854, chap. 282) requiring signals to be given, applies. (Laws of 1853, chap. 62; Laws of 1854, chap. 282; 36 N. Y. 132; 45 id. 660; 64 id. 538; 92 id. 292; 109 id. 362; 22 Hun, 57.) Plaintiff was not negligent. (*Thompson* v. *N. Y. C. & H. R. R. R. Co.,* 110 N. Y. 636; *Greany* v. *L. I. R. R. Co.,* 101 id. 422; *Woodward* v. *N. Y., L. E. & W. R. Co.,* 106 id. 369.) The court correctly

charged " if it is a highway, gentlemen, the law applies to it. A" highway may be established by user, and it may have but one end.   I did not suppose there was any doubt about it." (2 R. S. [6th ed.] 164, 542.)   The damages were not excessive. (*Gale* v. *N. Y. C. & H. R. R. R. Co.*, 13 Hun, 1; 28 id. 407.)   The case does not show that all the evidence has been inserted which was taken on the trial of the action.   Unless this appear, this court cannot consider any ground for reversal urged by the appellant, which requires the review of evidence to determine.   (*Aldridge* v. *Aldridge*, 120 N. Y. 614; *Halpin* v. *P. Ins. Co.*, 118 id. 166; *Porter* v. *Smith*, 107 id. 581; *Cheney* v. *N. Y. C. & H. R. R. R. Co.*, 16 Hun, 419.)   Appellant is not entitled, upon the argument, to raise, for the first time, the point that the trial judge charged the jury in this case that the defendant was bound to give the statutory signals in approaching public crossings, at least eighty rods, while at the time of the injury the statute was in fact repealed, was an error that justifies a new trial.   (*Lahr* v. *M. E. R. R. Co.*, 104 N. Y. 294; *Porter* v. *M. E. R. R. Co.*, 120 id. 288; 12 id. 22; 5 id. 492; 14 id. 322; 54 id. 141; 39 id. 49; 51 id. 80.)

Finch, J.   We see no reason to doubt the correctness of the action of the trial court in refusing a nonsuit, and submitting to the jury the questions of negligence as questions of fact.

The only important exception grows out of the repeal of section 7 of chap. 282, Laws of 1854.   That section accomplished two things.   It imposed upon railroad companies the duty of ringing the bell of the engine or blowing the whistle at eighty rods from the crossing at grade of a traveled public road, and made the companies responsible for damages resulting from that omission; and then it made the engineer, who should omit the required signals, guilty of a misdemeanor. This last provision was carried into the Penal Code, and left its presence in the act of 1854, no longer necessary.   The General Repealing Act of 1886 (Chap. 593, p. 838), instead of merely repealing so much of the act of 1854 as had been reproduced in the Penal Code, repealed the whole of section 7 " to and

including the words 'by reason of such neglect.'" It follows that when the accident happened, in May, 1888, there was no statute making it the duty of a railroad company to give the specified signals at the required distance.

Nevertheless, the court, in its charge to the jury, did assume, as matter of law, the existence of such a duty, and submitted the question of its omission or performance. To this charge, the appellant's counsel claims that he excepted, and assigns that exception as a ground for reversal.

I think it quite clear that he did not raise that question. He contended persistently that the road, which crossed the tracks at the place of the accident, was not a public highway, but a private crossing, to which the mandate of the statute did not apply; and when he excepted to the charge which held the contrary, his language shows that he intended to raise, and was understood to raise, not the question of the existence of the statute, but that of its application to the case in hand. He closed his exception to the charge with the statement, "I except to that as applicable to this case." In answer to the exception, the court said: "I spoke of it as a public highway. Is there a point about it?" To which the defendant's counsel answered, "I claim that there is no proof that it is a public highway." The court retorted, "It has been used for twenty-five years for passengers there." To which the defendant's counsel replied, "It has been used by people about there. We say that the law applies only to highways that are regularly laid out as highways of the state." At this point the precise nature of the defendant's contention became apparent. Its counsel conceded the existence of the law to which the court had referred, but denied its application to the crossing in question. The court so understood it, and, after the evidence of user which had been given, seemed somewhat surprised, but finally submitted the question whether the crossing was public or private, saying, "If it is a highway, gentlemen, the law applies to it. A highway may be established by user, and it may have but one end. I did not suppose there was any doubt about it. But you can go to the

jury on that question." The defendant's counsel again excepted and said : " I take exception to that statement to the jury, and I ask your honor to charge that *the statutory duty* of blowing a whistle or ringing a bell at road crossings only applies to public highways, and that it does not apply to the highway crossing in this case." The court replied : " So charged. That is it does not apply to priv. te crossings." With this final direction the counsel was seemingly content, for he took no exception to it. Whatever else may be said as to the purpose and effect of the exception, it is entirely clear that the existence of the statute was in no manner questioned or intended to be raised. Both court and counsel conceded its existence, and were quite excusable for not suspecting its repeal, and the sole controversy was as to its application to the road in question. There is, therefore, no exception to the charge which reaches the point now sought to be made.

To hold otherwise would be to encourage what would operate as a misleading of the court. If the counsel had known at the time that the statute had been repealed, and had raised that objection, the court would still have been bound to submit to the jury the question whether the train approached the crossing with due care, and the jury would have been left to determine that question without the aid or guidance of the statute. The mistake which occurred gave to the defendant a more favorable position before the jury than it was in truth entitled to, for even though the bell rang and whistle blew at eighty rods, the jury, in the absence of the statute, would have been at liberty to have said that in view of the locality, and the speed of the train the warning should have been given at a greater distance. The question argued was thus not raised, and the mistake which occurred seems to us to have been rather beneficial than injurious to the appellant.

The question whether the crossing was on a public traveled road became upon the facts proved a question for the jury. The evidence tended to show such a user by the public for more than twenty years as would have justified a record of the road as a highway by the proper authorities. Their failure to

perform their duty does not change the mandate of the statute that the road should be deemed a public highway. In the *Barry* and *Byrne* cases, upon which the appellant relies, there was no such proof. In the former there was a mere license to cross the tracks, and in the latter an alley which had been more or less used by the public. Indeed since there was no objection on the part of the appellant to the final submission of the question to the jury, and its counsel had the advantage of that submission, it is difficult to see what question is open to exception. The appellant's counsel did ask the court to charge as a matter of law that the duty of giving the signals did not apply to this crossing, but the court refused, saying that it did apply if the crossing was on a public highway, and to that refusal no exception was taken. We have recently determined what facts constitute a public highway within the meaning of the statute relating to user. (*Speir* v. *New Utrecht*, 121 N. Y. 420.) We there held that it must have been traveled by the public for twenty years, and either kept in repair by or taken in charge of the public authorities. There was evidence of both facts in this case sufficient to warrant a conclusion by the jury that the crossing was on a public highway.

We think no error was committed which will warrant a reversal, and that the judgment should be affirmed with costs

All concur.

Judgment affirmed.